UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEROY M. DOUGLAS; and THE DOUGLAS CORP.
OF SILVER LAKE,

                        Plaintiffs,                    8:10-CV-0299
                                                     (GTS/RFT)

v.

NEW YORK STATE ADIRONDACK
PARK AGENCY, *et al.*;

                         Defendants.
_____

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently pending before the Court, in this civil rights action filed by Leroy M. Douglas

Corporation of Silver Lake ("Plaintiffs") against the New York State Adirondack Park Agency

and six of its employees ("APA Defendants"), the Adirondack Council, Inc., and two of its

members ("AC Defendants"), Brian Ruder ("Defendant Ruder"), Hawkeye Conservationists, Inc.

("Defendant Hawkeye"), and ten John Does, are the following two motions: (1) Plaintiffs'

motion to correct a clerical mistake in the Court's Decision and Order of September 11, 2012,

under Fed. R. Civ. P. 60(a) and/or for reconsideration or reargument under Fed. R. Civ. P. 60(b);

and (2) Defendant Hawkeye's motion for reconsideration of the Court's Decision and Order of

September 11, 2012, under Fed. R. Civ. P. 59(e) and Local Rule 7.1(g).  (Dkt. Nos. 92, 100.)

For the reasons set forth below, Plaintiff's motion is granted in part and denied in part; and

Defendant Hawkeye's motion is denied.

I.      **RELEVANT BACKGROUND**

A.      **Court's Decision and Order of September 11, 2012**

Because this Decision and Order is intended primarily for the review of the parties, and they have demonstrated an accurate familiarity with the Court's Decision and Order of September 11, 2012, the Court will not describe in detail that Decision and Order.  Rather, the Court will merely state that the Decision and Order did the following five things, inter alia: (1) it stated in a footnote that Plaintiff's claim of conspiracy pursuant to "Section 1985" survives as against the APA Defendants; (2) it dismissed Plaintiffs' state-law claim of malicious prosecution against APA Defendants arising out of Administrative Enforcement Proceeding E2007-47 based on the one-year limitations period set forth in N.Y. C.P.L.R. § 215(3); (3) it dismissed Plaintiffs' state-law claim of abuse of process against APA Defendants arising out of Administrative Enforcement Proceeding E2007-47 based on the one-year limitations period set forth in N.Y. C.P.L.R. § 215(3); (4) it did not dismiss Plaintiffs' substantive-due-process claim against Defendant Hawkeye; and (5) it did not dismiss Plaintiffs' state-law claim of tortious interference with contract against Defendant Hawkeye.  (*See generally* Dkt. No. 91.)

B.      **Parties' Briefing on Plaintiffs' Motion**

Although Plaintiffs' motion is, in part, incorrectly based on Fed. R. Civ. P. 60(b), the Court will liberally construe it as having been partially based on Local Rule 7.1(g), out of special solicitude to Plaintiffs as civil rights litigants.

Liberally construed, Plaintiff's motion argues that reconsideration is necessary for three reasons: (1) the existence of a typographical error in footnote 46 on page 117 of the Decision and Order, which states that Plaintiff's claim of conspiracy pursuant to "Section 1985" survives as

against the APA Defendants, when the Court clearly intended (based on its ruling in Part III.A.1. of the decision) to state that the claim of conspiracy pursuant to "Section 1983" survives as against the APA Defendants; (2) the existence of a clear error of law, and/or creation of manifest injustice, on pages 41-43 and 117 of the Decision and Order, which dismissed Plaintiffs' state-law claim of malicious prosecution against APA Defendants arising out of Administrative Enforcement Proceeding E2007-47 based on the one-year limitations period set forth in N.Y. C.P.L.R. § 215(3), when that claim did not accrue until the termination of that proceeding, which (according to Paragraph 197 of the Complaint) allegedly occurred in the fall of 2009, less than one year before the filing date of this action, on March 15, 2010; and (3) the existence of a clear error of law, and/or creation of manifest injustice, on pages 41-43 and 117 of the Decision and Order, which dismissed Plaintiffs' state-law claim of abuse of process against APA Defendants arising out of Administrative Enforcement Proceeding E2007-47 based on the one-year limitations period set forth in N.Y. C.P.L.R. § 215(3), when that claim did not accrue until the termination of that proceeding, which (according to Paragraph 197 of the Complaint) allegedly occurred in the fall of 2009, less than one year before the filing date of this action, on March 15, 2010.  (Dkt. No. 92, Attach. 2, at 2-3 [Plfs.' Memo. of Law]; *see also* Dkt. No. 92, Attach. 1, at ¶¶ 5-8 [Plfs.' Atty. Affid.].)

In their opposition to Plaintiffs' motion, the APA Defendants assert four arguments: (1) Plaintiffs' reliance on Fed. R. Civ. P. 60(b) is inapposite, because that rule applies only to "a final judgment, order or proceeding," and the Decision and Order in question was not a final judgment, order or proceeding, but an interlocutory order; (2) Plaintiffs should not be permitted to challenge Defendants' statute-of-limitations argument because they failed to do so below, and

3

case law makes clear that a motion for reconsideration is not a vehicle for taking a "second bite at the apple; (3) in any event, even if the Court were to consider Plaintiffs' grounds for reconsideration, the APA Defendants' burden on their underlying motion to dismiss the two state-law claims in question was lightened by the fact that Plaintiffs failed to oppose that motion, raising Plaintiffs' burden on its motion for reconsideration too high for them to meet, as happened in *Continental Ins. Co. v. Coyne Int'l Enter. Corp.*, 700 F. Supp.2d 207, 217-18 (N.D.N.Y. 2010) (Suddaby, J.); and (4) in any event, as the APA Defendants explained in their underlying motion papers, alternative grounds exist on which to base a dismissal of the claims in question, specifically, (a) the fact that Administrative Enforcement Proceeding E2007-47 was supported by probable cause, (b) the fact that Administrative Enforcement Proceeding E2007-47 was not pursued by the APA Defendants with the required malice, and (c) the fact that, to recover on their abuse-of-process claim, Plaintiffs must allege and prove actual or special damages, but have not done so.  (Dkt. No. 108.)

Neither the AC Defendants nor Defendant Ruder have filed an opposition to Plaintiff's motion.  (*See* Dkt. Nos. 109, 110.)  Similarly, Defendant Hawkeye has not filed an opposition to Plaintiff's motion.  (*See generally* Docket Sheet.)  While Defendant Hawkeye filed its own motion for reconsideration, that motion did not contain an opposition to Plaintiff's motion.  (*See* Dkt. No. 100.)

In reply to the APA Defendants' opposition, Plaintiffs argue as follows: (1) whether its Decision and Order was a final order or not, the Court may correct it and reinstate Plaintiffs' state-law claims for malicious prosecution and abuse of process; and (2) Plaintiffs sufficiently opposed the APA Defendants' statute-of-limitations argument by (a) submitting a "voluminous

set of papers" opposing the APA Defendants' motion to dismiss "in its entirety," and (b) recounting "the chain of events and the dates or times of the actionable conduct allegedly committed by the APA Defendants."  (Dkt. No. 114.)

### C.    Parties' Briefing on Defendant Hawkeye's Motion

In its motion, Defendant Hawkeye argues that reconsideration is necessary for the following two reasons: (1) the existence of a clear error of law, and/or creation of manifest injustice, on pages 23-25 and 86 of the Decision and Order, which refused to dismiss Plaintiffs' substantive-due-process claim against Defendant Hawkeye, despite the fact that (a) on pages 3 and 118 of the Decision and Order, the Court granted in its entirety Defendant Hawkeye's motion to dismiss, and (b) on pages 77-81 of its Decision and Order, the Court found that there was no factual allegations plausibly that Defendant Hawkeye was a state actor or was conspiring with a state actor; and (2) the existence of a clear error of law, and/or creation of manifest injustice, on page 115 of the Decision and Order, permitted Plaintiff to file (in his Amended Complaint) a state-law claim of tortious interference with contract against Defendant Hawkeye even though the Amended Complaint is devoid of any factual allegations plausibly suggesting that Defendant Hawkeye "interfered with anything."  (Dkt. No. 100, Attach. 2, at 2-4 [Def. Hawkeye's Memo. of Law]; *see also* Dkt. No. 100, Attach. 1, at ¶¶ 3-6 [Def. Hawkeye's Atty. Affid.].)

In their opposition to Defendant Hawkeye's motion, Plaintiffs assert the following five arguments: (1) Defendant Hawkeye's reliance on Fed. R. Civ. P. 59(e) is inapposite, because Fed. R. Civ. P. 60 governs its motion for reconsideration; (2) the reason the Court did not dismiss Plaintiffs' substantive-due-process claim against Defendant Hawkeye was that

Defendant Hawkeye never, in its underlying motion to dismiss, challenged the pleading sufficiency of the elements of that claim (and thus it would be improper for the Court to entertain such a challenge now); (3) in any event, even if the Court were to entertain such a challenge now, the fact that the Court found that Plaintiffs had not pled facts plausibly suggesting that Defendant Hawkeye was not a state actor for purposes of Plaintiffs' malicious-prosecution claim does not require the Court to make such a finding with regard to Plaintiffs' substantive-due-process claim, because the Court found that a substantive-due-process claim is distinct from a malicious- prosecution claim; (4) in its opposition to Plaintiffs' underlying cross-motion for leave to amend, Defendant Hawkeye never challenged the pleading sufficiency of the elements of that claim, but merely argued that the proposed amendment "would be futile because it would be subject to the same arguments that are presently before the Court, namely that Hawkeye Conservationists, Inc. is not a state actor and did not engage in any conduct which would violate 42 U.S.C. § 1983," which arguments do not apply to Plaintiffs' state-law tortious-interference-with-contact claim (and thus it would be improper for the Court to entertain such a challenge now); and (5) in any event, even if the Court were to entertain such a challenge now, Defendant Hawkeye points to no specific pleading deficiency in that claim, other than to argue that the Amended Complaint is devoid of any factual allegations plausibly suggesting that Defendant Hawkeye "did anything." (Dkt. No. 112.)

Neither the AC Defendants nor Defendant Ruder have filed an opposition to Plaintiff's motion. (Dkt. Nos. 109, 110.)  Similarly, while the APA filed an opposition to Plaintiffs' motion for reconsideration, that opposition did not contain an opposition to Defendant Hawkeye's motion.  (*See* Dkt. No. 109.)

## II.     RELEVANT LEGAL STANDARDS

### A.     Legal Standard Governing Motion to Correct a Clerical Mistake Pursuant to Fed. R. Civ. P. 60(a)

Rule 60(a) of the Federal Rules of Civil Procedure provides as follows:

> **Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a) (emphasis in original).

### B.     Legal Standard Governing Motion for Reconsideration or Reargument Pursuant to Fed. R. Civ. P. 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis in original).

This rule does not apply where the order or judgment in question is not a final one (such as a partial granting of a motion to dismiss and denial of a cross-motion to amend). *See, e.g., Makas v. New York State Dep't of Motor Vehicles*, 97-CV-1892, 1998 WL 219588,*1, n 1 (N.D.N.Y. April 29, 1998) ("This motion for reconsideration is not made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure because Rule 60(b) only applies to final judgments and orders. The March 23, 1998 Memorandum-Decision and Order [which granted motions to dismiss by two of the three defendants, and denied plaintiff's cross-motion to amend] was not a final judgment or order.") (McCurn, J.)[1]  Rather, in such a case, reconsideration is properly sought under Local Rule 7.1(g).

### C.      Legal Standard Governing Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7.1(g)

Rule 59(e) of the Federal Rules of Civil Procedure provides as follows: "**Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis in original).

As the rule indicates, a judgment must be entered for this rule to be invoked. *See* 11 Charles Alan Wright, Arthur R. Miller, Mary Kane, and Richard L. Marcus, *Federal Practice & Procedure* § 2817 & n.7 (2d ed.2012) ("[A] Rule 59(e) motion is . . .  considered untimely if it is

---

[1]      *See also Pickering-George v. Cuomo*, 10-CV-0771, 2011 WL 1832560, at *4 (N.D.N.Y. May 12, 2011) ("Under the circumstances, Rule 60 does not . . . govern . . . because the Order of which Plaintiff seeks reconsideration [which conditioned dismissal of Plaintiff's action on his failure to file an Amended Complaint] is not a final one but an interlocutory one.") (Suddaby, J.) (internal quotation marks omitted); *Mayes v. Messercola*, 94-CV-0026, 2000 WL 1919874, at *1, n.1 (N.D.N.Y. Dec. 21, 2000) ("Fed. R. Civ.P. 60(b), which only applies to final judgments and orders, is not implicated here because the October 4, 2000 decision held judgment in abeyance pending the outcome of the § 431(c) claim. Thus, it was not a final judgment or order.") (McCurn, J.); Recknall v. New York Power Auth., 94-CV-1675, 1998 WL 178806, at *1, n.2 (N.D.N.Y. Apr. 8, 1998) (Pooler, J.) ("Denial of a motion for summary judgment is not a final order within the meaning of Fed.R.Civ.P. 60(b).").

made before the entry of judgment.").  A "judgment" is defined by Fed. R. Civ. P. 54(a) as a

"decree [or] any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  "Because a denial of a

motion to dismiss is an interlocutory order from which no appeal lies, *see* 28 U.S.C. § 1292(a), a

motion pursuant to 59(e) to modify this order is procedurally improper."  *In re Palermo*, 08-CV-

7421, 2011 WL 446209, at *4 (S.D.N.Y. Feb. 7, 2011); *accord, Kittay v. Korff*, 08-CV-7421,

2011 WL 446209, at *4 (S.D.N.Y. Feb. 4, 2011) ("Because a denial of a motion to dismiss is an

interlocutory order from which no appeal lies ... a motion pursuant to 59(e) to modify this order

is procedurally improper ... [and] the only ground available for [defendant] to move for

reconsideration is under Local Civil Rule 6.3.").  For the same reason, Fed. R. Civ. P. 59(e) may

not be relied on to seek reconsideration of an order partially granting a motion to dismiss.  *Cf.*

*Williams v. Cnty. of Nassau*, 779 F. Supp.2d 276, 280 n. 2 (E.D.N.Y.2011) (explaining that Fed.

R. Civ. P. 59[e] does not apply to a motion for reconsideration of an order denying in part and

granting in part a motion for summary judgment);

      Rather, in such cases, reconsideration is properly sought, in this District, under Local

Rule 7.1(g).  Local Rule 7.1(g) provides as follows, in pertinent part:

> **Motion for Reconsideration.** Unless Fed. R. Civ. P. 60 otherwise
> governs, a party may file and serve a motion for reconsideration or
> reargument no later than **FOURTEEN DAYS** after the entry of the
> challenged judgment, order, or decree. All motions for reconsideration
> shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2).
> The briefing schedule and return date applicable to motions for
> reconsideration shall conform to L.R. 7.1(b)(2). . . . The Court will decide
> motions for reconsideration or reargument on submission of the papers,
> without oral argument, unless the Court directs otherwise.

N.D.N.Y. L.R. 7.1(g) (emphasis in original).

Generally, a court may justifiably reconsider its previous ruling if "[1] there has been an intervening change in controlling law, [2] there is new evidence, or [3] a need is shown to correct a clear error of law or to prevent manifest injustice." *U.S. v. Sanchez*, 35 F.3d 673, 677 (2d Cir.), *cert. denied*, 514, U.S. 1038 (1995); *accord*, *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983); 18B Wright & Miller, *Federal Practice and Procedure* § 4478, at 670-691 (2d ed. 2002 & Supp. 2009). Such is the standard for motions for reconsideration filed under Local Rule 7.1(g) in this District. *See, e.g., In re C-TC 9th Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y.1995) (McAvoy, C.J.); *Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp .2d 223, 244 (N.D.N.Y.2002) (McCurn, S.J.); *Sumner v. McCall*, 103 F.Supp.2d 555, 558 (N.D.N.Y.2000) (Kahn, J.).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

## III.   ANALYSIS

### A.   Plaintiffs' Motion

#### 1.   Whether the Court Should Amend Footnote 46 on Page 117 of its Decision and Order of September 11, 2012

After carefully considering the matter, the Court answers this question in the affirmative for the reasons offered in Plaintiffs' initial memorandum of law. *See, supra,* Part I.B. of this Decision and Order. The Court would add only that, because the APA Defendants failed to oppose this argument, Plaintiffs' burden with regard to it is lightened such that, in order to

succeed on it, they need only show their entitlement to the relief requested with regard to it, which has appropriately been characterized as a "modest" burden. *Dottolo v. Byrne Dairy, Inc.*, 08-CV-0390, 2010 WL 2560551, at *7, n.13 (N.D.N.Y. June 22, 2010) (Suddaby, J.) (collecting authorities). While Plaintiffs have met that modest burden with regard to that argument, the Court would accept that argument even if it were to subject that argument to the more rigorous scrutiny appropriate for a contested motion.

For these reasons, the fifth claim described in footnote 46 of the Court's Decision and Order of September 11, 2012, is hereby amended to read as follows: "Plaintiffs' conspiracy claim pursuant to 42 U.S.C. § 1983."

> **2.     Whether the Court Should Vacate Its Dismissal of Plaintiffs' State-Law Claim of Malicious Prosecution Against APA Defendants Arising Out of Administrative Enforcement Proceeding E2007-47**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons offered in Plaintiffs' initial memorandum of law. *See, supra,* Part I.B. of this Decision and Order. The Court would add only the following analysis.

Under New York law, the one-year statute of limitations governing a cause of action for malicious prosecution begins to run upon termination of the underlying proceeding. *10 Ellicott Square Court Corp. v. Violet Realty, Inc.*, 81 A.D.3d 1366, 1368 (N.Y. App. Div., 4th Dep't 2011); *see also Syllman v. Nissan*, 18 A.D.3d 221, 222 (N.Y. App. Div., 1st Dep't 2005) ("The second cause of action, for malicious prosecution, is barred by the statute of limitations since the underlying lawsuits were terminated more than one year before plaintiff commenced the instant action (CPLR 215 [3]).")); *Ragland v. New York City Housing Auth.*, 201 A.D.2d 7, 9 (N.Y. App. Div., 2d Dep't 1994) ("[T]he cause of action sounding in malicious prosecution did not accrue until November 7, 1991, when the charges were dismissed by the Criminal Court.").

In their Complaint, Plaintiffs alleged facts plausibly suggesting that the underlying

proceeding terminated in the fall of 2009, less than one year before the filing date of this action,

on March 15, 2010.  (*See, e.g.,* Dkt. No. 1, at ¶ 197 [alleging that "in the fall of 2009, after more

than two years of prosecuting plaintiffs in APA administrative enforcement proceeding

E2007-47, the Agency Defendants discontinued the proceeding with prejudice"].)

While the Court acknowledges the high hurdle Plaintiffs must overcome with regard to

this aspect of their motion (due to the fact that they failed to respond to the APA Defendants'

underlying statute-of-limitations argument regarding this claim),[2] the Court finds that they have

overcome that hurdle.  The Court included Plaintiffs' state-law malicious-prosecution claim

against the APA Defendants among the list of dismissed state-law claims against the APA

Defendants out of mere oversight; and it would result in manifest injustice to not correct that

error now.

With regard to the alternative grounds that the APA Defendants offer for dismissing the

claim in question (specifically, the fact that Administrative Enforcement Proceeding E2007-47

was supported by probable cause, and the fact that Administrative Enforcement Proceeding

E2007-47 was not pursued by the APA Defendants with the required malice), the Court rejects

those arguments for the same reasons that it rejected them in its Decision and Order, i.e., the

reasons offered by Plaintiffs in their underlying opposition memorandum of law.  (Dkt. No. 91,

at 28-30.)

For these reasons, Plaintiffs' state-law claim of malicious prosecution against APA

Defendants arising out of Administrative Enforcement Proceeding E2007-47 is hereby

---

[2]      The Court rejects Plaintiffs' argument, asserted in their reply, that they responded
to the APA Defendants' underlying statute-of-limitations argument regarding this claim).

<u>reinstated</u>.  The second paragraph of Part III.A.3.m. of this Court's Decision and Order of September 11, 2012, is hereby amended so as to *not dismiss* that claim.  Similarly, the fourteenth claim listed in the first "So Ordered" Paragraph at the end of this Court's Decision and Order of September 11, 2012, is hereby deleted.  Finally, footnote 46 of the Court's Decision and Order is amended so as to list seven surviving claims against the APA Defendants, the seventh claim being Plaintiffs' state-law claim of malicious prosecution against APA Defendants arising out of Administrative Enforcement Proceeding E2007-47.

      **3.**      **Whether the Court Should Vacate Its Dismissal of Plaintiffs' State-law Claim of Abuse of Process Against APA Defendants Arising Out of Administrative Enforcement Proceeding E2007-47**

      After carefully considering the matter, the Court answers this question in the negative.

      As an initial matter, it is far from clear that, under New York law, the one-year statute of limitations governing a cause of action for abuse of process begins to run upon termination of the underlying proceeding, as opposed to initiation of that proceeding.  The New York Court of Appeals has rather expressly held that "accrual of a cause of action for abuse of process need not await the termination of an action in claimant's favor."  *Cunningham v State of New York*, 53 NY2d 851, 853 (N.Y. 1981).  Granted, the Third Department has attempted to limit that holding to claims arising under Court of Claims Act § 10.  *See Dobies v. Brefka*, 263 A.D.2d 721, 723 (N.Y. App. Div., 3d Dept.,1999) ("While the Court of Appeals has held that in an action under Court of Claims Act § 10, accrual of a cause of action for abuse of process need not await the termination of an action in claimant's favor, here the abuse of process would not have been actionable until the proceeding was concluded since plaintiff would not have been able to allege that he suffered an injury without justification until the proceeding was terminated . . . .") (internal quotation marks and citation omitted).  While some courts have accepted that attempt,

others have rejected it, explaining that "termination of the challenged proceedings is not an element of an abuse of process claim under New York law." *See, e.g., Norton v. Town of Islip*, 04-CV-3079, 2009 WL 804702, at *10 (E.D.N.Y. March 27, 2009), *rev'd in part on other grounds by* 378 F. App'x 85 (2d Cir. 2010).[3]  However, the Court can imagine a rule holding both that an abuse-of-process claim may be ripe upon the issuance of the process in question, but that the accrual date (for purposes of a statute of limitations) as a matter of policy is effectively tolled until the termination of the proceeding in which the process was issued.[4]  Fortunately, the Court need not, and does not, resolve this thorny issue,  because an alternative reason exists to reject Plaintiffs' argument that this claim should be reinstated.

Specifically, the Court is persuaded by the APA Defendants' underlying argument that the mere opening of Administrative Enforcement Proceeding  E2007-47, which was akin to the issuance of a civil summons and complaint (necessary to obtain jurisdiction and begin a lawsuit), was not the use of "regularly issued legal process to compel performance or forbearance of some act," for purposes of an abuseof-process claim.  (Dkt. No. 40, Attach. 1, at 55-56 [attaching pages "46"and "47" of APA Defs.' Memo. of Law]; Dkt. No. 65, at 20 [attaching page "16" of APA Defs.' Reply Memo. of Law].)

---

[3]        *See also Honzawa v. Honzawa*, 268 A.D.2d 327, 330-31 (N.Y. App. Div., 1st Dept. 2000) (holding that the statute of limitations governing an action for an abuse of process may begin to run from the date of a letter demanding the release of attached funds in escrow from an attorney and threatening a lawsuit, if there is a refusal to release the funds).

[4]        *See, e.g.,  Daystar Constr. Mgmt., Inc. v. Mitchell,* No. 04C-05-175, 2006 WL 2053649, at *11 (Del. Super. July 12, 2006) (considering contribution and indemnification claims to be ripe even when they have not yet accrued).

As the APA Defendants correctly observed in their underlying reply memorandum of law, Plaintiffs failed to respond to this argument in their response memorandum of law.  (Dkt. No. 56, Attach. 4, at 1-4 [attaching pages "35" through "38" of Plfs.' Opp'n Memo. of Law].)  As a result, the APA Defendants' burden with regard to the argument was modest.  The APA Defendants have met that modest burden with regard to that argument.

In reaching this conclusion, in addition to relying on the three cases cited by the APA Defendants, the Court relies on the following four other cases:  *Muro-Light v. Farley,* 95 A.D.3d 846, 847 (N.Y. App. Div., 2d Dep't 2012) ("The institution of a civil action by summons and complaint will not give rise to a claim to recover damages for abuse of process, as doing so is not legally considered the type of process capable of being abused . . . ."), *Sokol v. Sofokles*, 136 A.D.2d 535, 536 (N.Y. App. Div., 2d Dep't 1988); *Schwartz v. Sayah*, 72 A.D.3d 790, 792 (N.Y. App. Div., 2d Dept. 2010) (holding that the mere commencement of plaintiff's civil action against defendant for conversion could not constitute an abuse of process) *Ashcraft Excavating Co., Inc. v. Clark*, 79 A.D.2d 722, 723 (N.Y. App. Div., 3d Dep't 1980) ("One of the three essential elements of the tort of abuse of process . . . is that there be regularly issued process, civil or criminal, compelling the performance or forbearance of some prescribed act . . . . Defendants' initiation of the proceedings described in the present case [in which they filed a petition against developer pursuant to Article 78 seeking to nullify town board's approval of developer's subdivision plans] clearly does not satisfy this basic requirement.").

The Court would add only that it is not persuaded by the alternative ground that the APA Defendants offer, in their opposition to Plaintiffs' motion for reconsideration, for dismissing the claim in question (specifically, the fact that, to recover on their abuse-of-process claim, Plaintiffs must allege and prove actual or special damages, but have not done so).  The Court rejects that

argument for the same reasons that it rejected that argument in its Decision and Order of September 11, 2012, i.e., the reasons offered by Plaintiffs in their underlying opposition memorandum of law.  (Dkt. No. 91, at 28-30.)

For these reasons, Plaintiffs' state-law claim of abuse of process against APA Defendants arising out of Administrative Enforcement Proceeding E2007-47 remains dismissed.

**B.     Defendant Hawkeye's Motion**

**1.     Whether the Court Should Dismiss Plaintiffs' Substantive-Due-Process Claim Against Defendant Hawkeye**

After carefully considering the matter, the Court answers this question in the negative for the reasons offered in Plaintiffs' opposition memorandum of law.  *See, supra,* Part I.C. of this Decision and Order.  The Court would add only the following analysis.

Defendant Hawkeye makes some good arguments regarding Plaintiffs' substantive- due-process claim against it.  The time to make those arguments was when it filed its motion to dismiss.  If Defendant Hawkeye had made those arguments at that time, Plaintiffs would have been required to respond to them or risk lightening Defendant Hawkeye's burden with regard to them; and the Court would have ruled on them.  Instead, Defendant Hawkeye did not raise those arguments.[5]  As a result, Plaintiffs did not have fair notice of them, and did not have a chance to

_____

[5]        On page 85 of the Decision and Order, the Court rather clearly stated that "[i]t does not appear that Defendant Hawkeye specifically challenges the pleading sufficiency of the elements of Plaintiffs' due process claims against it in its motion to dismiss (other than to challenge the sufficiency of the allegation that it was a state actor for purposes of all of Plaintiffs' federal claims)."  (Dkt. No. 91, at 85.)  Because Defendant Hawkeye did not identify this claim, Defendant Hawkeye could not include that claim among the list of federal claims regarding which Defendant Hawkeye was asserting its state-actor argument. *See Ford v. Smith*, 11-CV-0212, 2012 WL 4492181, at *6 (N.D.N.Y. Sept. 28, 2012) (Suddaby, J.) (finding that, because defendants did not identify plaintiff's retaliation claim, they could not have moved for dismissal of that claim); *Green v. LaClair*, 07-CV-0351, 2012 WL 1144569, at *14, 20 (N.D.N.Y. Feb. 24, 2012) (Peebles, M.J.) (finding that, because defendants did not identify plaintiff's claim regarding the deprivation of exercise during keeplock confinement, they could

respond to them; and the Court did not rule on them.[6]  That is why the Court could, and did,

grant Defendant Hawkeye's motion to dismiss in its entirety, while permitting this claim to

survive.  The only thing that would be "manifestly unjust" would be to dismiss that claim now

(on a motion for reconsideration of an decision disposing of a motion that did not request the

dismissal of the claim).[7]  Of course, Defendant Hawkeye is free to challenge the pleading

sufficiency of this claim on a motion for summary judgment.[8]  But, for now, discovery on this

claim shall proceed as U.S. Magistrate Judge Randolph F. Treece sees fit.

      For these reasons, Plaintiffs' substantive-due-process claim against Defendant Hawkeye

remains pending.

---

not have moved for dismissal of that claim), *adopted*, 2012 WL 1048764 (N.D.N.Y. March 28, 2012) (Suddaby, J.); *cf. McCarroll v. Fed. Bureau of Prisons*, 08-CV-1343, Decision and Order, at 5-6 (N.D.N.Y. filed March 2, 2010) (Lowe, M.J.) ("Despite the clarity of Plaintiff's complaint, Defendants repeatedly state that Plaintiff 'alleges the DNA Act is unconstitutional' and devote several pages to arguing that Plaintiff has failed to state a Fourth Amendment claim. . . .  As a result of this focus on issues that are not raised by this case, Defendants' briefs largely fail to discuss the issues that are raised by this case.").

[6]     While the Court accepted Defendant Hawkeye's state-actor arguments with regard to each of the other federal claims, the Court never did so with regard to this claim.

[7]     It is conceivable to the Court that Plaintiffs could have, upon proper notice, persuaded the Court (through better briefing, if not a revised proposed Amended Complaint) that Defendant Hawkeye could be a state actor for purposes of a substantive-due-process claim while not being a state actor for purposes of a malicious-prosecution claim.  *See George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1230 (9th Cir. 1996) ("An entity may be a state actor for some purposes but not for others."); *accord, Lee v. Katz*, 276 F.3d 550, 555, n.5 (9th Cir. 2002); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005); *Bell v. Mgmt. & Training Corp.,* 122 F. App'x 219, 223 (6th Cir. 2005); *Caviness v. Horizon Cmty. Learning Ctr.*, 590 F.3d 806, 813 (9th Cir. 2010).

[8]     "To the extent that a defendant's motion for summary judgment under Fed. R. Civ. P. 56 is based entirely on the plaintiff's complaint, such a motion is functionally the same as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  *Wade v. Tiffin Motorhomes, Inc.*, 686 F. Supp.2d 174, 181-82 (N.D.N.Y. 2009) (Suddaby, J.).  As a result, "[w]here appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment." *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968).

##### 2.     Whether the Court Should Dismiss Plaintiffs' State-Law Tortious-Interference-with-Contract Claim Against Defendant Hawkeye

After carefully considering the matter, the Court answers this question in the negative for the reasons offered in Plaintiffs' opposition memorandum of law.  *See, supra,* Part I.C. of this Decision and Order.  The Court would add only the following analysis.

Again, Defendant Hawkeye makes a good argument regarding Plaintiffs' tortious-interference-with-contract claim: the time to make that argument challenging that claim was when it filed its opposition to Plaintiffs' motion to amend.  Instead, Defendant Hawkeye made other arguments, not relevant to that claim, in that opposition.[9]  (*Compare* Dkt. No. 100, Attach. 2, at 3-4 [Def. Hawkeye's Memo. of Law] *with* Dkt. No. 58, at ¶ 4 [Def. Hawkeye's Opp'n Affid., arguing merely that "would be futile because it would be subject to the same arguments that are presently before the Court, namely that Hawkeye Conservationists, Inc. is not a state actor and did not engage in any conduct which would violate 42 U.S.C. § 1983"].)  As a result, it would be wholly improper to dismiss that claim now.  Again, Defendant Hawkeye is free to challenge the pleading sufficiency of this claim on a motion for summary judgment; but, for now, discovery on this claim shall proceed as Magistrate Judge Treece sees fit.

---

[9]     Furthermore, Defendant Hawkeye made those arguments in a two-page attorney affidavit.  Counsel is respectfully reminded that such a practice simultaneously violates Local Rule 7.1(a)(2)'s proscription against affidavits containing legal arguments, and Local Rule 7.1(a)(1)'s requirement that memoranda of law contain table of contents (and citations to legal authorities).  *See Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 WL 911891, at *23 (N.D.N.Y. March 22, 2007) (Lowe, M.J.) ("[T]o the extent that Plaintiff's counsel is attempting to present arguments in refutation of the arguments advanced by Defendant ..., the place for those arguments is in Plaintiff's opposition memorandum of law."); *accord, Danford v. City of Syracuse*, 09-CV-0307, 2012 WL 4006240, at *4 & nn.9-11 (N.D.N.Y. Sep 12, 2012) (Suddaby, J.) ("The requirement that a memorandum of law contain a table of contents is an important one warranting enforcement, because it requires a party to separate and label its legal arguments, and enables the Court to identify and evaluate those legal arguments.") (collecting cases).

For these reasons, Plaintiffs' state-law tortious-interference-with-contract claim against Defendant Hawkeye remains pending.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion for reconsideration (Dkt. No. 92) is **<u>GRANTED</u> in part** in accordance with Parts III.A.1. and III.A.2. of this Decision and Order, **and otherwise <u>DENIED</u>**; and it is further

**ORDERED** that Defendant Hawkeye's motion for reconsideration (Dkt. No. 100) is

**<u>DENIED</u>**.

Dated:  October 30, 2012
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge